UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| PATRICK BLACKSHIRE, | No. 2:16-cv-2535 AC P |
|---|---|
| Plaintiff, | |
| v. | ORDER and |
| CALIFORNIA DEPARTMENT OF CORRECTIONS, | FINDINGS AND RECOMMENDATIONS |
| Defendant. | |

Plaintiff, a former state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

I.     <u>Application to Proceed In Forma Pauperis</u>

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). ECF No. 2. Accordingly, the request to proceed in forma pauperis will be granted.

II.     <u>Statutory Screening of Complaints for Plaintiff's Proceeding In Forma Pauperis</u>

The federal in forma pauperis statute authorizes federal courts to dismiss a case if the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).

A claim "is frivolous where it lacks an arguable basis either in law or in fact." <u>Neitzke v.</u>

1

Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). "[A] judge may dismiss [in forma pauperis] claims which are 'based on indisputably meritless legal theories' or whose 'factual contentions are clearly baseless.'" Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989) (quoting Neitzke, 490 U.S. at 327), superseded by statute on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000). The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. Franklin, 745 F.2d at 1227-28 (citations omitted).

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citations omitted). "'[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action.'" Id. (alteration in original) (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Trs. of the Rex Hosp., 425 U.S. 738, 740 (1976), as well as construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

////

III. Complaint

The complaint names the California Department of Corrections and Rehabilitation (CDCR) as the only defendant. Plaintiff alleges that he was subjected to a number of unconstitutional conditions of confinement, including being held in a cell "with no windows and glass dust blowing in;" being provided inadequate hygiene items, which led to cavities; and being involuntarily medicated. ECF No. 1 at 2, 7. Plaintiff also alleges that he suffered from a torn rotator cuff, which was the result of "accidental mistreatment;" that the parole board ignored evidence; and that his parole officer withheld his gate money. Id. at 5, 7.

IV. Failure to State a Claim

As an initial matter, the allegations page of plaintiff's complaint (ECF No. 1 at 7) is simply a copy of his first amended complaint in Blackshire v. California Department of Corrections (Blackshire I), No. 2:12-cv-2136 KJN, which was originally filed with the court on October 15, 2012 (Blackshire I, ECF No. 6), and was dismissed with leave to amend because it failed to state a claim (Blackshire I, ECF No. 7). The case was ultimately dismissed without prejudice after plaintiff's second amended complaint was dismissed with leave to amend and plaintiff failed to file an amended complaint. Blackshire I, ECF No. 12. The complaint is no more cognizable now than it was when originally filed.

Despite being previously advised on two separate occasions that he cannot sue the CDCR because claims against it are barred by the Eleventh Amendment (Blackshire I, ECF No. 4 at 3 and ECF No. 7 at 3 (citing Quern v. Jordan, 440 U.S. 332 (1979); Alabama v. Pugh, 438 U.S. 781 (1978) (per curiam); Jackson v. Hayakawa, 682 F.2d 1344, 1349-50 (9th Cir. 1982)), plaintiff has once again named only the CDCR as a defendant. The complaint must therefore be dismissed.

The complaint further fails to state a claim for relief because plaintiff fails to identify any individuals who violated his rights. ECF No. 1 at 5, 7. Though plaintiff does identify a parole officer who allegedly withheld his gate money from him, the deprivation of property does not state a claim under § 1983. Hudson v. Palmer, 468 U.S. 517, 533 (1984) (unauthorized deprivation of property by a prison official, whether intentional or negligent, does not state a claim under § 1983 if the state provides an adequate post-deprivation remedy); Barnett v.

3

Centoni, 31 F.3d 813, 816-17 (9th Cir. 1994) (per curiam) ("California Law provides an adequate post-deprivation remedy for any property deprivations." (citing Cal. Gov't Code §§ 810-895)).

V. Statute of Limitations

In addition to failing to state a claim, plaintiff's complaint is clearly untimely. Because § 1983 does not contain its own statute of limitations, the court applies the forum state's limitations period for personal injury claims, which in this case, is two years. TwoRivers v. Lewis, 174 F.3d 987, 991 (9th Cir. 1999); Jones v. Blanas, 393 F.3d 918, 927 (9th Cir. 2004); Cal. Code Civ. Proc. § 335.1.

Plaintiff raised identical claims in Blackshire I on October 15, 2012. ECF No. 1 at 7. Although the instant complaint does not provide the dates the alleged violations took place, they clearly occurred, and plaintiff was necessarily aware of them, no later than the date he filed his amended complaint in Blackshire I. ECF No. 1 at 7. Furthermore, although it appears that at least some of the causes of action accrued while plaintiff was incarcerated, the original complaint in Blackshire I reflects that he was no longer incarcerated when he initiated the action (Blackshire I, ECF No. 1), so any statutory tolling he may have received due to his imprisonment would have ended no later than August 16, 2012. See Cal. Code Civ. Proc. § 352.1 (persons incarcerated for less than a life term at the time their cause of action accrues are entitled to toll the statute of limitations while they are incarcerated, up to two years). The complaint in this case, filed on October 25, 2016, was therefore filed well after the two-year statute of limitations had expired.

To the extent plaintiff asserts that he is entitled to equitable tolling (ECF No. 1 at 8), he fails to establish such an entitlement. Plaintiff claims that he has "repeatedly attempted to file [his] case issues for years without a college education" and been delayed because his mental illness and related disabilities interfere with his ability to properly judge the passage of time. Id. He also claims that he has been incarcerated and homeless, which has added to his delay. Id.

> Under California law, a plaintiff must meet three conditions to equitably toll a statute of limitations: "(1) defendant must have had timely notice of the claim; (2) defendant must not be prejudiced by being required to defend the otherwise barred claim; and (3) plaintiff's conduct must have been reasonable and in good faith."

////

Fink v. Shedler, 192 F.3d 911, 916 (9th Cir. 1999) (quoting Bacon v. City of Los Angeles, 843 F.2d 372, 374 (9th Cir. 1988)).

Review of the docket in Blackshire I shows that plaintiff never named a proper defendant, and the one defendant he did name, the CDCR, was never served. Since plaintiff has yet to name a proper defendant, it does not appear that any potential defendant would have had timely notice of the claim.

The court is also unable to find that plaintiff's conduct was reasonable and in good faith. Plaintiff's activity in Blackshire I shows that he was capable of pursuing his claims up until at least June 13, 2013, when he filed a motion for extension of time. Blackshire I, ECF No. 10. His next filing in Blackshire I, a motion to reopen the case, was filed on May 26, 2015, and claimed that he had been incarcerated since June 20, 2013, but indicated that he was no longer incarcerated. Blackshire I, ECF No. 14. After the motion to re-open was denied as untimely, plaintiff proceeded to file two more requests to re-open the case and a motion for counsel before finally initiating this action. Blackshire I, ECF Nos. 15, 16, 18, 19. The court's records also reveal that around the same time plaintiff filed his motion to re-open, he initiated six other cases in which he proceeded to make filings through the time he initiated this action.[1]

Even if plaintiff were eligible for tolling from June 20, 2013, when he was taken into custody, to May 26, 2015, when he filed his motion to re-open, the complaint in this case would still be untimely. Plaintiff is not entitled to tolling for the time Blackshire I was pending in this court, Martell v. Antelope Valley Hosp. Med. Ctr., 67 Cal. App. 4th 978, 985 (1998) (no equitable tolling for claims pursued in the same forum), and 248 days of the statute of limitations elapsed between the filing of the amended complaint in Blackshire I and his June 20, 2013 incarceration. During that time, plaintiff filed several things, demonstrating that he was capable of pursing his claims. That means plaintiff had 482 days left in his two-year statute of limitations

---

[1] Blackshire v. Sacramento County Sheriff, 2:15-cv-1122 WBS KJN; Blackshire v. Sacramento County Sheriff, 2:15-cv-1123 MCE CKD; Blackshire v. Napa State Hospital, 2:15-cv-1124 KJM CKD; Blackshire v. Sacramento County Sheriff, 2:15-cv-1125 KJM KJN; Blackshire v. Sacramento County, 2:15-cv-1126 KJM CKD; Blackshire v. County of Sacramento, 2:15-cv-1261 JAM DB.

when he filed his motion to re-open and the clock started ticking again. However, this action was not initiated until October 25, 2016, 518 days later, and the court cannot find that plaintiff was entitled to equitable tolling during those 518 days or that his actions during that time were reasonable and in good faith. The court's records clearly show that plaintiff was capable of pursuing his claims during that time, and rather than initiating a new action, plaintiff simply filed successive motions to re-open in Blackshire I.

VI.  No Leave to Amend

Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is pro se. Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc); Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) ("A pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." (citing Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987))). However, if, after careful consideration, it is clear that a complaint cannot be cured by amendment, the court may dismiss without leave to amend. Cato, 70 F.3d at 1005-06.

The undersigned finds that, for the reasons set forth above, the complaint fails to state a claim upon which relief may be granted. Furthermore, in Blackshire I, the court dismissed both plaintiff's original, first amended, and second amended complaints. Blackshire I, ECF Nos. 4, 7, 9. As noted above, in screening the original and first amended complaints, the court explicitly advised plaintiff that he could not sue the CDCR. Blackshire I, ECF Nos. 4, 7. The court further advised that plaintiff was required to identify the individuals that he claimed had violated his rights and to provide factual allegations as to what they did to violate his rights. Blackshire I, ECF Nos. 4, 7, 9. Plaintiff has once again failed to identify any individuals who violated his rights or a sufficient factual basis for his claims. In light of the fact that plaintiff has already failed on three previous occasions to state a claim regarding the incidents that form the basis of this complaint, and because the complaint is untimely, any further leave to amend would be futile. The complaint should therefore be dismissed without leave to amend.

////

VII. <u>Plain Language Summary of this Order for a Pro Se Litigant</u>

Your request to proceed in forma pauperis is granted and you are not required to pay the filing fee.

It is being recommended that the complaint be dismissed without leave to amend because you have not identified any of the individuals that violated your rights or explained how they violated your rights and you have already had multiple chances to fix these problems. Your claims are also untimely.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is granted.

2. The Clerk of the Court shall randomly assign a United States District Judge to this action.

IT IS FURTHER RECOMMENDED that the complaint be dismissed without leave to amend for failure to state a claim and as untimely.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: May 2, 2019

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE